UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFTON B. MAYS-EL, | ) | CASE NO. 1:26-cv-929 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE BRENDEN J. SHEEHAN, | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Clifton B. Mays-EL ("Petitioner"), a prisoner incarcerated at Richland

Correctional Institution, filed a pleading in this case labeled as a "Writ of Prohibition" against

respondent Cuyahoga County Court of Common Pleas Judge Brenden J. Sheehan.  (Doc. 1.)

Petitioner also filed an application to proceed *in forma pauperis* (Doc. 2), which is GRANTED.

For the reasons stated herein, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

I.      **BACKGROUND**

In 2018, Petitioner was found guilty of multiple crimes, including felonious assault,

kidnapping, domestic violence, endangering children, aggravated menacing, and having weapons

under disability.  *See State of Ohio v. Clifton B. Mays*, CR-18-627206-A (Cuyahoga Cnty. Ct. of

C.P.).  He is serving a twenty-four-year prison sentence.  *Id.*

In his Writ of Prohibition, Petitioner complains about his arrest, indictment, and

prosecution in his state criminal case.  (*See* Doc. 1.)  His lengthy pleading and attachments are

convoluted and difficult to parse. (*See* Docs. 1-1-8.) Even the specific defendants Petitioner seeks to sue are unclear. Although he refers to numerous others throughout, including other state judges, employees, and law enforcement personnel, his pleading only specifically names Judge Brenden J. Sheehan as the respondent. (*See* Doc. 1 at 1, 2, 4-20; *see also* Doc. 1-1.)[1] Petitioner lists twelve different causes of action on the "Cover Sheet" of his pleading. (Doc. 1 at 2.) But he does not set forth cogent allegations or specific legal claims against the defendant or other individuals mentioned therein. (*See id.* at 4-20.) He makes conclusory references to a "Sham Legal Process," a "Mock Conspiracy," a "Kangaroo Court," perjury, a lack of evidence, violations of his constitutional rights, corruption, "abuse of process," and his "fraudulent conviction." (*Id.*) Petitioner ultimately seeks "relief from [the] fraudulent and void judgment" against him under Federal Rule of Civil Procedure 60(b). (*Id.* at 18, 20; Doc. 1-1.)

## II.   LAW AND ANALYSIS

Pro se pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam). But such liberal construction is not without limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction does not "abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Nor does it allow district courts to conjure up allegations, draw unsupported inferences, or construct claims on a *pro se* plaintiff's behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Wells*, 891 F.2d at 594); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Under 28 U.S.C. § 1915A, district courts are required to dismiss "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

governmental entity" if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To avoid a dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (quotations omitted) (holding dismissal standard under Rule 12(b)(6) articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), governs dismissals for failure to state a claim under § 1915A). At bottom, to comply with Rule 8 of the Federal Rules of Civil Procedure, a complaint must give defendants fair notice of a plaintiff's legal claims and the facts on which those claims rest. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677-78. An action "is frivolous" if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

Petitioner's Writ of Prohibition must be dismissed because, even liberally construed, it fails to state a claim upon which relief can be granted and is frivolous. A writ of prohibition "is '[a]n extraordinary writ issued by an appellate court to prevent a lower court from exceeding its jurisdiction or to prevent a nonjudicial officer or entity from exercising a power.'" *Hughes v. Martin*, No. 22-cv-332, 2022 U.S. Dist. LEXIS 90256, 2022 WL 1598254, at *2 (M.D. Tenn. May 19, 2022) (quoting *Prohibition*, BLACK'S LAW DICTIONARY (10th ed. 2014)). This Court is not an appellate court, does not serve as an appellate court over the named respondent, and has no authority to grant a writ of prohibition. *See De La Miya v. Branch Cnty. Cts.*, No. 23-cv-1235, 2023 U.S. Dist. LEXIS 218684, 2023 WL 8519257, at *2-3 (W.D. Mich. Dec. 8, 2023), *appeal dismissed*, No. 24-1250, 2024 U.S. App. LEXIS 14565, 2024 WL 3106282 (6th Cir. June

14, 2024); *Banks v. Soo Song*, 17-cv-02017, 2017 U.S. Dist. LEXIS 164320, 2017 WL 4410247, at *1 (D.S.C. Oct. 4, 2017). Accordingly, Petitioner's Writ of Prohibition lacks an arguable basis in law.

To the extent Petitioner's pleading could be construed as a writ of habeas corpus under 28 U.S.C. § 2254, it must still be dismissed. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 499-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Petitioner seeks relief from his state court conviction which would entitle him to release from imprisonment. But he has already sought habeas corpus relief under § 2254 in federal court and was denied such relief. *See Mays v. Black*, No. 20-cv-01402, 2022 U.S. Dist. LEXIS 53970, 2022 WL 1073550 (N.D. Ohio Jan. 18, 2022), *R&R adopted*, 2022 WL 873793 (N.D. Ohio Mar. 24, 2022), *certificate of appealability denied*, No. 22-3483, 2022 U.S. App. LEXIS 30027, 2022 WL 17480087 (6th Cir. Oct. 27, 2022), *cert. denied*, 143 S. Ct. 622, 214 L. Ed. 2d 367 (2023).[2] Before a second or successive petition under § 2254 can be filed in district court, a petitioner must first seek and obtain permission from the Court of Appeals to do so. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated he has sought and obtained permission from the Sixth Circuit to file a second or successive § 2254 petition.

## III.    CONCLUSION

For the reasons stated herein, *pro se* petitioner Clifton B. Mays-EL's Writ of Prohibition is DISMISSED pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C.

---

[2] Petitioner was also denied relief under 42 U.S.C. § 1983. *See Mays v. Pinkney*, No. 18-cv-1059, 2018 U.S. Dist. LEXIS 137537, 2018 WL 3863455 (N.D. Ohio Aug. 14, 2018); *Mays v. O'Malley*, No. 20-cv-2809, 2021 U.S. Dist. LEXIS 40107, 2021 WL 809330 (N.D. Ohio Mar. 2, 2021).

§ 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:   July 8, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE